FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

98 DEC 15 PM 2: 26

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

| | |
|---|---|
| MAKE-A-WISH FOUNDATION OF AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> FULFILL-A-WISH FOUNDATION, INC., a Florida corporation; BARBARA ASKIN, an individual; and MARK and SHELLY BREINER, individuals, and the community comprised thereof, <br><br> Defendants. | Civil Action No. 98-2560-CIV-T-25C <br><br> COMPLAINT FOR TRADEMARK INFRINGEMENT, FEDERAL FALSE DESIGNATION OF ORIGIN, FEDERAL AND FLORIDA DILUTION, FLORIDA FALSE AND MISLEADING ADVERTISING, FLORIDA UNFAIR COMPETITION AND PASSING OFF, AND UNJUST ENRICHMENT |

Plaintiff Make-A-Wish Foundation, Inc. alleges as follows against Defendants Fulfill-A-Wish Foundation, Inc., Barbara Askin, and Mark and Shelly Breiner (hereinafter collectively "Fulfill-A-Wish"):

### I. THE PARTIES

1. Plaintiff Make-A-Wish Foundation of America, Inc. ("Make-A-Wish") is an Arizona nonprofit corporation having its principal place of business at 100 West Clarendon, Suite 200, Phoenix, Arizona 85013-3518.

2. On information and belief, Defendant Fulfill-A-Wish Foundation, Inc. ("Fulfill-A-Wish") is a Florida corporation having a principal place of business at 111 S. Pine Ave., Oldsmar, Florida 34677.

3. On information and belief, Defendant Barbara Askin ("Askin") is a director of Defendant Fulfill-A-Wish, and has instigated, overseen, directed and

TPA#1528013.02

controlled the affairs of Fulfill-A-Wish, including those activities alleged wrongful herein. Askin is believed to reside at 3771 Preakness Place, Palm Harbor, Florida 34684.

4. On information and belief, Defendants Mark Breiner and Shelly Breiner ("Breiner") are directors of Defendant Fulfill-A-Wish, and have instigated, overseen, directed and controlled the affairs of Fulfill-A-Wish, including those activities alleged wrongful herein. Defendants Breiner are believed to be husband and wife, and have done all activities herein for the benefit of each individually, as well as for the benefit of their community. The Breiners are believed to reside at 2332 Waterview Court, Palm Harbor, Florida 34684.

## II. JURISDICTION AND VENUE

5. This is an action for trademark infringement, federal false designation of origin, federal and Florida dilution, Florida false and misleading advertising, Florida unfair competition and misappropriation and unjust enrichment. This Court has jurisdiction pursuant to 15 U.S.C. § 1121; 28 U.S.C. § 1331; 28 U.S.C. § 1338(a) and (b); and pendent jurisdiction over all state law claims derived from a common nucleus of operative fact.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## III. MAKE-A-WISH'S RIGHTS

7. Make-A-Wish is a well-known charitable organization that raises funds that are used to grant the wishes of children who have life-threatening illnesses. It has licensed chapters throughout the United States as well as licensed affiliates around the world.

8.	Make-A-Wish the owner and registrant of the following United States trademark registrations:

| Mark | Reg. No. | Issue Date |
|---|---|---|
| MAKE-A-WISH for "charitable services relating to children with life threatening illnesses (in Int. Cl. 36)" (Exhibit A) | 1,570,208 | 12/5/89 |
| MAKE-A-WISH for "key rings of non-precious metals; jewelry, namely pins (in Int. Cl. 6); paper holders and refills therefore; loose leaf binders, mechanical pencils, paper clips, pens, stationary portfolios (in Int. Cl. 16); tote bags (in Int. Cl. 18); license plate holders (frames), plastic luggage tags, presentation plaques, plastic name tags and ornamental novelty buttons (in Int. Cl. 20); coffee mugs (in Int. Cl. 21); baseball caps, jackets, polo shirts, sweatshirts, swimsuits, T-shirts (in Int. Cl. 25); plastic flying disc, toy balloons and yo-yos (in Int. Cl. 28)" (Exhibit B) | 1,565,443 | 11/14/89 |
| MAKE-A-WISH FOUNDATION for "charitable services relating to terminally ill children (in Int. Cl. 42)" (Exhibit C) | 1,266,624 | 2/7/84 |

These registrations are valid, subsisting and incontestable.

9.	Since at least about 1980, Make-A-Wish has been commercially using the above marks in connection with its charitable and fundraising activities in interstate commerce, and has been using its marks on goods in interstate commerce since at least 1987. Since about 1990, Make-A-Wish has given notice of its registered rights in its above marks by using the ® symbol in connection with its marks.

10.	Make-A-Wish, individually and through its licensees, has expended a substantial amount of money and effort in advertising and promoting its marks in order to grant thousands of wishes to seriously ill children. Make-A-Wish's substantial promotional, advertising, publicity, and public relations activities, done individually and through its licenses, further promote the recognition and goodwill associated with its

marks. These activities including television, billboard, radio, and newspaper advertisements, as well as charitable fundraising events and wish grants.

11. Make-A-Wish's registered marks are unique and distinctive such that they have become associated with Make-A-Wish in the mind of the public, and are relied upon by the public to identify the goods and services provided in association therewith as having originated from Make-A-Wish. Make-A-Wish's widespread and substantial use of its marks has conferred upon Make-A-Wish rights of such strength that Make-A-Wish's marks have become "famous" within the meaning of the Section 43 of the Lanham Act, 15 U.S.C. § 1125(c).

### IV. FULFILL-A-WISH AND ITS ACTIVITIES

12. On information and belief, Askin and the Breiners organized Fulfill-A-Wish Foundation, Inc. in November 1997, and began doing business under the names and marks "Fulfill-A-Wish Foundation" and "Fulfill-A-Wish" in summer 1998. Fulfill-A-Wish's business is ostensibly the same as that of Make-A-Wish, namely, to raise money to grant wishes to seriously ill children.

13. In or about August 1998, Fulfill-A-Wish, either directly or through its agents, began soliciting donations from the public throughout the country, including in Missouri and Nebraska, by passing off Fulfill-A-Wish's activities as raising money for Make-A-Wish. On information and belief, Fulfill-A-Wish's activities have included both telephone solicitations and follow-up collections.

14. These activities have caused and are continuing to cause both actual confusion in the eyes of the public and tarnishment of Make-A-Wish's reputation. Such actual confusion and tarnishment taken the form, *inter alia*, of complaints from potential donors familiar with Make-A-Wish asking why they are being solicited by telephone (Make-A-Wish does not engage in telephone solicitations). This actual confusion has

further damaged and tarnished the reputation and goodwill embodied in Make-A-Wish's marks.

15. The names and marks "Fulfill-A-Wish Foundation" and "Fulfill-A-Wish" are confusingly similar to the federally registered MAKE-A-WISH FOUNDATION and MAKE-A-WISH marks owned by Make-A-Wish and identified in paragraph 8 above. Fulfill-A-Wish's use of its names and marks has and is likely to continue to confuse the consuming public into believing that Fulfill-A-Wish's goods and services are sponsored by or associated with those of Make-A-Wish.

16. Fulfill-A-Wish has used marks, or induced others to use marks, confusingly similar to Make-A-Wish's marks in connection with the advertising, promotion and solicitation of goods and services closely related to the goods and services of Make-A-Wish without the consent of Make-A-Wish, and in a manner which has and is likely to cause confusion, to cause mistake, or to deceive as to source or origin among purchasers, contributors and/or users of those goods and services.

17. Fulfill-A-Wish's actions were done with constructive and actual notice of Make-A-Wish's senior rights in its marks, as well as the real knowledge of the likelihood of confusion that would be engendered by Fulfill-A-Wish's use of marks confusingly similar to Make-A-Wish's marks in connection with the advertising, promotion and solicitation of goods and services closely related to the goods and services of Make-A-Wish. Fulfill-A-Wish's actions were therefore taken in willful, deliberate and/or intentional disregard of Make-A-Wish's rights.

18. On July 10, 1998, Make-A-Wish notified Fulfill-A-Wish that its use of marks confusingly similar to Make-A-Wish's marks infringed Make-A-Wish's rights. On August 21, 1998, Make-A-Wish again notified Fulfill-A-Wish that its activities infringed Make-A-Wish's rights, and moreover that Fulfill-A-Wish's activities were in

fact causing confusion among the public as to the origin, source, sponsorship or affiliation of Fulfill-A-Wish's good and services. Despite having received actual notice of Make-A-Wish's claim of infringement, Fulfill-A-Wish has refused to cease its infringing activities.

19. On information and belief, Fulfill-A-Wish has willfully and wantonly engaged in these acts in an intentional attempt to trade on Make-A-Wish's reputation in this charity industry, and to unfairly compete with Make-A-Wish to wrongfully obtain contributions the public intends go to Make-A-Wish and the charitable services it provides. Significantly, Fulfill-A-Wish's actions detract from the ability of Make-A-Wish to provide its services to children. Moreover, on information and belief, Fulfill-A-Wish has intentionally sought to cause dilution of Make-A-Wish's valuable rights in its marks by diminishing the ability of Make-A-Wish's marks to distinctly and uniquely identify Make-A-Wish and the goods and services provided in association therewith.

20. The acts of Fulfill-A-Wish, as alleged in this Complaint, are without license, permission, or consent of Make-A-Wish. Make-A-Wish has been damaged by the actions of Fulfill-A-Wish in an amount that is undetermined. Moreover, these acts have caused and, unless restrained by the Court, will continue to cause serious and irreparable harm to Make-A-Wish and to the goodwill associated with Make-A-Wish's trademarks.

## V. CAUSES OF ACTION

### COUNT I: TRADEMARK INFRINGEMENT (FEDERAL)

21. Make-A-Wish incorporates the allegations set forth by paragraphs 1-20 as if fully set forth herein.

22. The activities of Defendants described herein infringe the trademarks of Make-A-Wish in violation of the Federal Trademark Act, 15 U.S.C. § 1051 *et seq.*

**COUNT II:   FALSE DESIGNATION OF ORIGIN (FEDERAL)**

23.   Make-A-Wish incorporates the allegations set forth by paragraphs 1-20 as if fully set forth herein.

24.   Fulfill-A-Wish has engaged in a false designation of origin by knowingly and willfully using marks confusingly similar to Make-A-Wish's marks in connection with the advertising, promotion and provision of goods and services closely related to the goods and services of Make-A-Wish, in violation of Make-A-Wish's exclusive rights to use of its marks in association with these goods and services. Fulfill-A-Wish's activities thus violate the provisions of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**COUNT III:   DILUTION (FEDERAL)**

25.   Make-A-Wish incorporates the allegations set forth by paragraphs 1-20 as if fully set forth herein.

26.   Fulfill-A-Wish's activities have caused and are continuing to cause dilution of the distinctive qualities of Make-A-Wish's famous marks in violation of 15 U.S.C. § 1125(c). Fulfill-A-Wish has willfully and wantonly engaged in these acts in an intentional attempt to trade on Make-A-Wish's reputation by using marks confusingly similar to Make-A-Wish's marks, while having full knowledge of Make-A-Wish's rights in and to its distinctive and famous trademarks. On information and belief, Fulfill-A-Wish has intentionally sought to cause dilution of the distinctive quality of Make-A-Wish famous marks, both by blurring and by tarnishment.

**COUNT IV:   DILUTION (FLORIDA)**

27.   Make-A-Wish incorporates the allegations set forth in paragraphs 1-20 as if fully set forth herein.

28. Fulfill-A-Wish's activities have caused and are continuing to cause dilution of the distinctive qualities of Make-A-Wish's famous marks in violation of Fla. Stat. §495.151

COUNT V: **FLORIDA FALSE AND MISLEADING ADVERTISING**

29. Make-A-Wish incorporates the allegations set forth by paragraphs 1-20 as if fully set forth herein.

30. Fulfill-A-Wish's unlawful acts set forth above constitute the assumption, adoption, or use, with the intent to deceive or mislead the public, for advertising purposes or for purposes of trade, of a designation or style or symbol or simulation thereof, which may deceive or mislead the public as to the identity of Fulfill-A-Wish or its products or services, or as to a connection of Fulfill-A-Wish with Make-A-Wish in violation of Fla. Stat. §817.41.

31. Fulfill-A-Wish's violations of Fla. Stat. §817.41 have caused Make-A-Wish to sustain monetary damage, loss and injury, in an amount to be determined at the time of trial.

32. Make-A-Wish reserves the right to amend Count V of the Complaint to seek punitive damages from Fulfill-A-Wish as permitted and authorized by Fla. Stat. §768.72. Fulfill-A-Wish's violations of Fla. Stat. §817.41, unless enjoined by this Court, will continue to cause Make-A-Wish to sustain irreparable damage, loss and injury, for which Make-A-Wish has no adequate remedy at law.

COUNT VI: **FLORIDA COMMON LAW UNFAIR COMPETITION AND PASSING OFF**

33. Make-A-Wish incorporates the allegations set forth by paragraphs 1-20 as if fully set forth herein.

34. Fulfill-A-Wish's activities constitute unfair competition with Make-A-Wish by creating a likelihood of confusion in the trade as to the source or sponsorship of

the goods and services or is likely to lead the public to believe Fulfill-A-Wish is in some way connected to Make-A-Wish and is likely to mislead persons in the ordinary course of purchasing the goods and services of Fulfill-A-Wish and induce them to believe they are purchasing genuine goods and services of Make-A-Wish, thereby injuring that reputation and good will and unjustly diverting from Make-A-Wish to Fulfill-A-Wish the benefits arising therefrom.

35. Fulfill-A-Wish's unlawful activities constitute unfair competition and passing off as proscribed by the common law and have caused Make-A-Wish to sustain monetary damage, loss and injury in an amount to be determined at the time of trial.

36. Make-A-Wish reserves the right to amend Count VI of the Complaint to seek punitive damages from Fulfill-A-Wish as permitted and authorized by Fla. Stat. §768.72.

37. Fulfill-A-Wish's acts of unfair competition and misappropriation, unless enjoined by this Court, will continue to cause Make-A-Wish to sustain irreparable damages, loss and injury, for which Make-A-Wish has no adequate remedy at law.

### COUNT VII: UNJUST ENRICHMENT

38. Make-A-Wish incorporates the allegations set forth by paragraphs 1-20 as if fully set forth herein.

39. Fulfill-A-Wish has, by virtue of its wrongful activities, been unjustly enriched, at the expense of Make-A-Wish.

### PRAYER FOR RELIEF

WHEREFORE, Make-A-Wish prays for the following alternative and cumulative relief:

1. An order preliminarily and permanently enjoining Fulfill-A-Wish and their officers, directors, agents, affiliates, employees, representatives, and all those acting

in concert or participating with them, from directly or indirectly engaging in or performing any and all of the following acts:

(a) using or displaying in any manner packaging, labels, signs, literature, display cards, or other packaging, advertising, promotional materials, or other materials related to Fulfill-A-Wish's goods or services bearing the words "MAKE-A-WISH FOUNDATION," "MAKE-A-WISH," "FULFILL-A-WISH FOUNDATION," or "FULFILL-A-WISH," or any other mark, word or name confusingly similar to Make-A-Wish's federally registered marks;

(b) using or displaying any words, terms, names, symbols, devices, or marks, including marks bearing the words "MAKE-A-WISH FOUNDATION," "MAKE-A-WISH," "FULFILL-A-WISH FOUNDATION," or "FULFILL-A-WISH," which are likely to cause confusion, to cause mistake, to deceive, or to otherwise mislead the trade or public into believing that Make-A-Wish and Fulfill-A-Wish are one and the same, or are in some way connected, or that Make-A-Wish is a sponsor of Fulfill-A-Wish or its products, or that Fulfill-A-Wish is in some way affiliated with, associated with, or under the supervision and control of Make-A-Wish, or that the products or services of Fulfill-A-Wish originate or are approved by Make-A-Wish, or are likely in any way to lead the trade or public to associate Fulfill-A-Wish with Make-A-Wish;

(c) performing any act or using or displaying any words, terms, names, symbols, devices, or marks, including marks bearing the words "MAKE-A-WISH FOUNDATION," "MAKE-A-WISH," "FULFILL-A-WISH FOUNDATION," or "FULFILL-A-WISH," which cause dilution of the distinctive qualities of Make-A-Wish's famous marks; and

(d) performing any act, making any statement, or using or displaying any words, terms, names, symbols, devices, or marks, including marks bearing the words "MAKE-A-WISH FOUNDATION," "MAKE-A-WISH," "FULFILL-A-WISH FOUNDATION," or "FULFILL-A-WISH," which unfairly compete with Make-A-Wish by passing off or inducing or enabling others to sell or pass off goods and services which are not Make-A-Wish's goods and services as coming from Make-A-Wish.

2. An Order requiring Fulfill-A-Wish to deliver up for destruction all stationery, business forms, advertisements, products, containers, promotional materials, labels, packages, or other tangible materials, including any materials used in preparation thereof, which in any manner unlawfully use or make reference to Make-A-Wish, including marks bearing the words "MAKE-A-WISH FOUNDATION," "MAKE-A-WISH," "FULFILL-A-WISH FOUNDATION," or "FULFILL-A-WISH," or any other marks that are likely to be confused with Make-A-Wish's trademarks.

3. An Order requiring Fulfill-A-Wish to account for and pay over to Make-A-Wish all gains, profits, and advances derived by them from the activities complained of.

4. An Order requiring Fulfill-A-Wish to pay to Make-A-Wish an amount equal to all actual damages suffered by Make-A-Wish.

5. As a result of Fulfill-A-Wish's willful and wanton activities, an Order requiring that Make-A-Wish recover from Fulfill-A-Wish treble the amount of actual damages suffered by Make-A-Wish, and all of its litigation expenses, including reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1117, 15 U.S.C. § 1125, Fla. Stat. §817.41 and all other applicable laws.

6. An Order awarding Make-A-Wish such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Make-A-Wish hereby requests a trial by jury of all issues triable by jury.

Dated: _____

_____
F. Ross Boundy, Esq.
David A. Lowe, Esq.
CHRISTENSEN O'CONNOR JOHNSON & KINDNESS[PLLC]
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
Telephone: (206) 682-8100
Facsimile: (206) 224-0779

Trial Counsel for Plaintiff
Make-A-Wish Foundation of America, Inc.

LOCAL COUNSEL:
C. Douglas McDonald Jr.
Florida Bar No. 296538
Andrew C. Greenberg
Florida Bar No. 996726
CARLTON, FIELDS, WARD,
EMMANUEL, SMITH & CUTLER, P.A.
One Harbour Place
777 South Harbour Island Boulevard
Tampa, Florida 33602
Telephone: (813) 223-7000
Facsimile: (813) 229-4133

## JURY DEMAND

Make-A-Wish hereby requests a trial by jury of all issues triable by jury.

Dated: 12/15/98

*David A Lowe*

F. Ross Boundy, Esq.
David A. Lowe, Esq.
CHRISTENSEN O'CONNOR JOHNSON &
KINDNESS[PLLC]
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
Telephone: (206) 682-8100
Facsimile: (206) 224-0779

Trial Counsel for Plaintiff
Make-A-Wish Foundation of America, Inc.

LOCAL COUNSEL:
C. Douglas McDonald Jr.
Florida Bar No. 296538
Andrew C. Greenberg
Florida Bar No. 996726
CARLTON, FIELDS, WARD,
EMMANUEL, SMITH & CUTLER, P.A.
One Harbour Place
777 South Harbour Island Boulevard
Tampa, Florida 33602
Telephone: (813) 223-7000
Facsimile: (813) 229-4133